UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CASE NO. 1:22-CR-54-HAB-SLC |
| RONALD I. HOLLEY, | |
| Defendant. | |

**OPINION AND ORDER**

The Court is in receipt of Defendant Ronald Holley's letter requesting documents "in order to continue [his] post-conviction relief efforts" as well as a request to be relieved of the associated costs because he is "an indigent pro-se litigant." (ECF No. 71). Defendant pleaded guilty to a federal drug crime in October 2023 and was sentenced to 120 months imprisonment on February 29, 2024. (ECF No. 68).

The Court initially notes that, because the defendant did not appeal his conviction or sentence, no transcripts have been prepared in this case. Additionally, because the defendant pleaded guilty to the charge against him, no trial was held, so no trial transcript could be prepared.

28 U.S.C. § 753(f) allows an indigent defendant to obtain the preparation of free transcripts to prosecute a § 2255 action, "if the trial judge . . . certifies that the suit . . . is not frivolous and that the transcript is needed to decide the issue presented by the suit." 28 U.S.C. § 753(f). However, the defendant has not yet filed the § 2255 action. Accordingly, the Court is unable to certify that the suit is not frivolous at this time. Because the defendant has not yet filed a § 2255 motion, he is not eligible for transcripts under § 753(f).

This Court notes that, once the defendant has filed his Motion under 28 U.S.C. § 2255,[1] he may file a motion requesting the preparation of transcripts under § 753(f). If the Court concludes that the defendant's motion is not frivolous and that transcripts are needed to decide an issue presented in the motion, this court will order the preparation of the transcripts at that time. Importantly, however, as part of his plea agreement Defendant waived his rights to appeal or collaterally attack his conviction or sentence on grounds other than ineffective assistance of counsel, meaning his plea agreement forecloses some—if not all—of his post-conviction relief options. (ECF No. 47).

For these reasons, Defendant's requested relief (ECF No. 71) is DENIED.

SO ORDERED on October 17, 2025.

    s/Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Defendant should bear in mind the one-year limitations period governing § 2255 claims, which runs from the latest of:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). At this time, it is possible that any future § 2255 motion will be time-barred unless one of the other subsections of paragraph (f) applies.